United States District Court
Southern District of Texas
**ENTERED**
October 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JARED  HARLOW, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02324 |
| | § | |
| LEGEND ENERGY SERVICES, LLC, TREY | § | |
| INGRAM, MATTHEW GOODSON, AND | § | |
| JOSH PRUETT, EACH INDIVIDUALLY | § | |
| AND AS OFFICERS OF LEGEND ENERGY | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Before the Court in the above referenced, putative collective action, grounded in the Fair Labor Standards Act, are Plaintiff's Motion for Conditional Certification, Doc. 23, and Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information, Doc. 24.  Having considered these Motions, Defendant's Response, Doc. 26, and Plaintiff's Reply, Doc. 27, the Court hereby DENIES Plaintiff's Motions for Conditional Certification and Notice.

## I.    Background

Plaintiff Jared Harlow filed this suit against Defendants Legend Energy Services, LLC ("Legend"), and Trey Ingram, Matthew Goodson, and Josh Pruett, each individually and as officers of Legend, on behalf of himself and others similarly situated to recover overtime pay and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").  Mr. Harlow asserts that he and others at Legend were misclassified as "exempt" employees under the FLSA.  Therefore, Mr. Harlow contends, he and others received no overtime compensation

despite being required to work over forty hours per week.  Pursuant to 29 U.S.C. § 216(b), Mr. Harlow seeks to conditionally certify the following class:

> Each individual employed as a salaried Oilfield Worker for Defendant at any time within the three years preceding the filing of Plaintiff's Original Complaint, excluding any such person who has already participated in a claim against Defendant as an opt-in or named party in a wage lawsuit.

## II.    Applicable Law

Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated."  29 U.S.C. 216(b).  To certify a collective action under the FLSA, two requirements must be satisfied.  "First, the named representative and the putative members of the prospective FLSA class must be similarly situated.  Second, the pending action must have a general effect."  *England v. New Century Fin. Corp.*, 370 F.Supp. 2d 504, 507 (M.D. La. 2005).  Class treatment is not appropriate where the action arises from circumstances that are "purely personal to the plaintiff, and not from any generally applicable rule or policy."  *Id.*

The Fifth Circuit has noted the two different tests that courts apply to determine if the putative class members are "similarly situated."  *Mooney v. Armaco Srvcs. Co.*, 54 F.3d at 1213–14 (5th Cir. 1995).  Like most district courts, this Court has generally adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987), consisting of (i) a notice stage, followed by (ii) a decertification stage.  *See Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 n.2 (5th Cir. 2008) (finding that "collective actions typically proceed in two stages").  Under the *Lusardi* approach, in the notice stage, the district court first makes a preliminary determination of whether potential plaintiffs are similarly situated to the named plaintiff.  *Mooney,* 54 F.3d at 1213–14.  If they are, then the court conditionally certifies the

action and authorizes notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery." *Id.* at 1214.  Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id.*  At this stage, the Court makes a factual determination from discovery evidence of whether the plaintiffs are "similarly situated." *Id.*  If the court determines from discovery evidence that the plaintiffs are in fact similarly situated, then the case proceeds as a representative action. *Id.*  If the court finds that the plaintiffs are not similarly situated, then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id.* at 1213–14.

At the notice stage of the *Lusardi* analysis, plaintiffs bear the burden to establish that they are similarly situated to other employees in the proposed class.  *England*, 370 F.Supp.2d at 507. Courts determine whether the burden has been met using a "fairly lenient standard," requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination."  *Mooney,* 54 F.3d at 1214, n.8 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988).  At this stage, however, a plaintiff must make at least a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (citations omitted).  A court will customarily make a decision "based only on the pleadings and any affidavits which have been submitted."  *Mooney*, 54 F.3d at 1213–14.

### III.    Analysis

At the notice stage, the plaintiff bears the burden of making a minimal showing that other aggrieved individuals wish to opt in to the lawsuit. *McKnight v. D. Houston, Inc*., 756 F. Supp. 2d at 801.  While the burden is low at this stage, here it has not been met by Plaintiff.  "A plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 805 (internal quotations and citations omitted). This requirement exists because "[o]thers' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Simmons v. T-Mobile USA, Inc.*, No. CIV A H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). Furthermore, "courts ... have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Valcho v. Dallas Cty. Hosp. Dist.,* 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008) (quoting *D'Anna v. M/A-Com, Inc*., 903 F. Supp. 889, 894 (D. Md. 1995)).

Mr. Harlow has not included any affidavits from other potential class members, nor does he allege that he is aware of any specific individuals who are interested in joining the lawsuit. Mr. Harlow only makes a bare statement that he "believe[s] that there would be others that would want to join this lawsuit if notice were issued to them and they were made aware of the suit." Doc. 23-1 at 4. This is not sufficient to meet this prong of the test and thus conditional class certification is not appropriate. *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015) ("In addition to requiring the existence of similarly

situated individuals, most courts require that a plaintiff present some evidence that those individuals are likely to opt-in to the lawsuit."); *Behnken v. Luminant Min. Co*., LLC, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014) ("[B]efore granting court-facilitated notice, the court should satisfy itself that there are other similarly-situated employees. . . who would desire to opt-in to the lawsuit.") (quoting *Valcho*, 574 F. Supp. 2d at 622); *Simmons*, 2007 WL 210008, at *9 (denying certification where plaintiff did not present any admissible evidence that other aggrieved employees were interested in participating in plaintiff's suit); *see also Parker v. Rowland Express, Inc*., 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) ("Simply put, a plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit."); *Dybach v. State of Fla. Dep't of Corr*., 942 F.2d 1562, 1567 (11th Cir. 1991) ("[T]he district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in.'").  Since Plaintiff has not made a minimal showing that other aggrieved individuals wish to opt in to the lawsuit, his Motion for Conditional Certification is denied.

Because Plaintiff's Motion for Conditional Certification is denied, Plaintiff's related Motion for Approval and Distribution of Notice and For Disclosure of Contact Information, Doc. 24, is also denied.

## IV.    Conclusion

For the foregoing reasons it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Certification, Doc. 23, is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Approval and Distribution of Notice and For Disclosure of Contact Information, Doc. 24, is **DENIED**.

SIGNED at Houston, Texas, this 26th day of October, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE